NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 9 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIANA MASON,

Plaintiff-Appellant,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT and S. IZZO, Officer,

Defendants-Appellees.

No.   17-16649

D.C. No. 2:15-cv-00738-JCM-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 12, 2018
Seattle, Washington

Before:  N.R. SMITH and CHRISTEN, Circuit Judges, and PAYNE,[**] District
Judge.

Ariana Mason appeals the district court's order granting summary judgment

in favor of Defendants Officer Shawn Izzo and the Las Vegas Metropolitan Police

Department ("LVMPD").  Mason filed this action under 42 U.S.C. § 1983.  Mason

---

[*]      This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert E. Payne, United States District Judge for the Eastern
District of Virginia, sitting by designation.

alleges that Izzo violated her Fourth Amendment rights by using excessive force when he arrested her for assaulting both him and a security officer at the Mirage Hotel in Las Vegas, Nevada. The district court granted summary judgment in favor of Izzo on the ground of qualified immunity. The district court granted summary judgment in favor of LVMPD because Mason had not established the predicate on which LVMPD could be held liable as a municipal entity under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Because we conclude that Izzo did not violate clearly established law when he arrested Mason, and because we find that Mason did not demonstrate a triable issue on LVMPD's liability as a municipality, we affirm the district court.

1.  We review the district court's grant of summary judgment de novo. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014). We review the whole record, drawing all reasonable inferences in favor of the non-moving party. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000). Where, as here, there is a videotape of the event in question, we must "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

2.  On the evening of August 15, 2014, Mason attended a performance given by her boyfriend at the 1 Oak Nightclub inside the Mirage Hotel and Casino, located in Las Vegas, Nevada. After the performance, a fight broke out between

17-16649

people associated with the boyfriend's band and security officers employed by the casino. Among those engaged in that fight was one of Mason's friends, Azante, who fought with a security guard, Jasmine Richard. The videotape shows that Mason joined the fray, grabbed Richard from behind, and dragged her by the hair across the floor. Izzo observed Mason's assault of Richard and intervened.

Izzo, who was in police uniform, tried to free Richard from Mason's attack.[1] Mason resisted, and Izzo put Mason in a chokehold—a Lateral Vascular Neck Restraint Technique, to be exact. Mason continued to resist. Izzo then brought Mason up from the ground, and she tried to wrestle free from him. In the process, Mason was thrown to the ground. After Mason got up again, she punched Izzo several times, he punched her back, and she scratched his eye, before she was once more wrestled to the ground and, eventually, placed in handcuffs.

Thereafter, Mason remained calm for a few minutes while she was surrounded by Izzo and a few security guards. Izzo decided to arrest Mason for assaulting both him and Richard. Izzo then bent Mason over a table, somewhat forcefully, so that he could place different handcuffs on her.[2] As Izzo tried to put handcuffs on her, Mason reared up so that her head and upper body moved toward Izzo's head; additionally, Mason's leg popped up and her stiletto heel hit Izzo in the shin. Mason

---

[1] All the facts about the fight itself are taken from videos that captured the incident.

[2] Izzo said that he was switching the Mirage handcuffs with ones issued by the LVMPD as required by LVMPD policy. There is no evidence to the contrary on that point.

claims that this conduct was accidental because she was off balance, while Izzo claims that he thought she was trying to head-butt him and kick him in the leg. In response to this conduct, Izzo pushed Mason's upper body back down on the table with a substantial amount of force. There was a beverage glass on the table, and Mason received mouth and facial injuries when her face hit and broke the glass. Shortly thereafter, Izzo pushed Mason to the floor, and on the way to the floor, Mason's head hit the table again, and she broke a tooth. Izzo immediately asked for medical assistance, and Mason went to the hospital afterward.

Mason filed this action claiming that: (1) Izzo had violated her rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution by using excessive force when he arrested her; and (2) the LVMPD violated her rights by tolerating and ratifying excessive force. Upon completion of discovery, the district court granted summary judgment on behalf of both Izzo and the LVMPD.

3.    We affirm the district court's grant of summary judgment to Izzo on the ground of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The inquiry into whether the allegedly violated right was clearly established

"turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Id.* at 244 (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)). To say that the law was clearly established, the precedent "must be clear enough that *every* reasonable official would interpret it to establish the *particular* rule the plaintiff seeks to apply." *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018) (emphasis added); *see also Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The burden is on the plaintiff "to identify sufficiently specific constitutional precedents to alert [the defendant] that his particular conduct was unlawful." *See Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017). "[S]pecificity is especially important in the Fourth Amendment context, where the Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (second alteration in original) (quoting *Saucier*, 533 U.S. at 205).

Mason has failed to satisfy this burden. Although Mason points to a number of decisions, she says that *Davis v. City of Las Vegas*, 478 F.3d 1048 (9th Cir. 2007), is the decision which establishes that Izzo violated clearly established law. The facts

17-16649

of *Davis*, however, are quite different from the facts before us. In *Davis*, the Court found that the officer violated the plaintiff's clearly established rights when the officer punched the plaintiff in the face and repeatedly slammed his head into a wall because the plaintiff "was unarmed, in handcuffs, and never attempted to harm [the officer] or anyone else in any way," and because the plaintiff never actively resisted arrest. *Id.* at 1055–56.

The same cannot be said for Mason. Izzo first engaged Mason only after she had assaulted a security officer. Afterward, Mason continued to resist arrest, punching Izzo in the face and forcing him to take her to the ground three times before being handcuffed.[3] The video recording shows that Mason's resistance slackened and then was renewed even before Izzo placed her over the table to change the handcuffs. And while Izzo was attempting to change handcuffs, the video shows that Mason reared her head back and kicked up her leg.

The facts in *Davis* are sufficiently different from those confronted by Izzo that it cannot be said to have "establish[ed] the particular rule [Mason] seeks to apply"— that is, that it was impermissible for an officer to aggressively force Mason to the

---

[3] Mason argues that, at this stage of the encounter, she did not realize that Izzo was a police officer and thought that she was being attacked by someone else. Assuming that Mason did not know that Izzo was a police officer—notwithstanding that Izzo was wearing a full police uniform and that Mason had just attacked a security guard wearing a uniform—Mason's perspective is irrelevant to the objective reasonableness inquiry, because we review whether the officer acted in an objectively reasonable manner under what a reasonable officer could perceive to be the case. *See Graham v. Connor*, 490 U.S. 386, 396 (1989).

table when it appeared that she was resisting arrest again after having previously punched the officer and mounted a prolonged attack while he was arresting her. *See Wesby*, 138 S. Ct. at 590.[4]  Mason cites no authority that clearly establishes a violation of the Fourth Amendment on the facts demonstrated in the videotape recording of the incident here at issue.

4.      We affirm the district court's grant of summary judgment in favor of the LVMPD because Mason has not shown that:  (1) a policy or custom of LVMPD caused the alleged constitutional violation; (2) the LVMPD's failure to train caused the alleged violation; or (3) a policymaker at the LVMPD ratified any violation (even if one is assumed to have occurred).  *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010) (stating that municipalities can be held liable only if there is evidence of one of these three situations), *overruled on other grounds by Castro v. City of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc).

\*     \*     \*

In sum, we affirm the district court's grant of summary judgment as to both Izzo and the LVMPD.

**AFFIRMED.**

---

[4] Izzo could have reacted differently considering that he outweighed Mason by 100 pounds, and perhaps he could have used less force to restrain Mason and to respond to Mason's conduct while he was changing her handcuffs.  But, even if Izzo acted unwisely, he did not violate clearly established law.